Case 4:23-cv-04085   Document 5   Filed on 10/31/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| MELISA A. SYLVESTER, individually and in the interest of children, M.B.N. and M.B.N., | § § § § |
|  | § CIVIL ACTION NO. H-23-4085 |
| Plaintiff, | § |
| v. | § |
|  | § |
| BJORN M. NILSSON, | § |
|  | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

The plaintiff, Melisa A. Sylvester, alleges that the defendant, Bjorn M. Nilsson, trafficked her into the United States from her home country of Malaysia and enticed her into slavery and involuntary servitude, in violation of Chapter 77 of Title 18 of the United States Code. (Docket Entry No. 1 at 4). Sylvester alleges that she and Nilsson are married and have two children together. (*Id.*). She alleges that Nilsson used false promises to entice her to move to the United States with him. (*Id.*). Sylvester alleges that once she was in this country, Nilsson began physically abusing her and the children and that he was financially profiting from "human trafficking crimes." (*Id.* at 2).

Sylvester moves for the entry of an *ex parte* temporary restraining order. (Docket Entry No. 4). She seeks to enjoin the divorce proceedings between her and Nilsson in the 311th District Court of Harris County, Texas pending the outcome of a criminal investigation into Nilsson's conduct and of this lawsuit. (*Id.* at 3–4; Docket Entry No. 1 at 7). She also requests: (1) the surrender of Nilsson's and the childrens' passports to herself or "a third neutral party"; (2) that Nilsson be designated an "imminent safety flight risk"; (3) that Nilsson be "disarmed"; (4) that

Nilsson's bank accounts be frozen; (5) "protection and prohibition injunctions against physical and psychological threats and actions including attempts of abduction, physical assaults, re-trafficking attempts, phones, emails, messaging and other methods tools and used"; and (5) "protection and prohibition against independent immigration stability interference." (Docket Entry No. 4 at 3–4).

Sylvester's motion for a temporary restraining order from this court must be denied. The Anti-Injunction Act prohibits a federal court from enjoining state-court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The requested injunction is not necessary to aid this court's jurisdiction or to protect its judgments. And the federal authority on which Sylvester's motion is based, 18 U.S.C. §§ 1595 and 3771, does not authorize district courts to issue injunctive relief at all.

SIGNED on October 31, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge